IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRANDON SHELKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-620-D |
| | ) | |
| FLUFFY'S MANAGEMENT | ) | (District Court of Comanche County, |
| SERVICE, LLC d/b/a FLUFFY'S | ) | Okla., Case No. CJ-2022-596) |
| APOTHECARY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER REMANDING CASE

Before the Court is Plaintiff's Motion to Remand [Doc. No. 9], which is governed by 28 U.S.C. § 1447(c). Plaintiff challenges on jurisdictional grounds Defendant's removal of the case to federal court. Plaintiff asserts that his claims arise only under state law and thus Defendant improperly invoked federal jurisdiction under 28 U.S.C. § 1331. Defendant has timely opposed the Motion. *See* Def.'s Resp. Br. [Doc. No. 10].

Plaintiff commenced this action *pro se* in the District Court of Comanche County, Oklahoma, seeking damages for Defendant's termination of his employment. Plaintiff claimed that Defendant had violated multiple federal employment statutes, including the Americans with Disabilities Act ("ADA") as amended, 42 U.S.C. § 12101 *et seq*. Prior to service of process, Plaintiff retained counsel and, through counsel, filed a motion to amend his pleading, which was granted. The case is proceeding under Plaintiff's First Amended Petition [Doc. No. 1-5], which asserts claims of wrongful discharge, intentional infliction of emotional distress, and negligence. The wrongful discharge claim invokes *Burk v. K-*

*Mart Corp.*, 1989 OK 22, 770 P.2d 24, which recognized a common law tort where an at-will employee is terminated in violation of a clear mandate of public policy established by statutory, constitutional, or decisional law.

Defendant removed the case to federal court on the ground that Plaintiff's claims present a federal question and subject matter jurisdiction exists under 28 U.S.C. § 1331. *See* Notice of Removal [Doc. No. 1] at 1 and ¶ 2. Specifically, Defendant alleged that Plaintiff is asserting a disability discrimination claim under the ADA or that Plaintiff must necessarily prove an ADA violation as part of his wrongful discharge claim. *Id*. ¶¶ 2-3.

By his Motion, Plaintiff asserts that he intentionally omitted all federal claims from his First Amended Petition and that his pleading presents no federal question. Plaintiff relies on the familiar principles that a federal claim must appear on the face of a "well-pleaded complaint" to establish federal jurisdiction and that a plaintiff is the master of his claim. *See* Pl.'s Mot. Remand [Doc. 9] at 3 (quoting *Felix v. Lucent Technologies*, 387 F.3d 1146, 1154 (10th Cir. 2004)). Plaintiff contends he may elect – as he deliberately did by amendment of his pleading – to pursue only a state law theory of recovery that does not depend on any federal claim that might otherwise be available.

In response, Defendant essentially urges the Court to ignore this principle and to "look to the entirety and context of Plaintiff's allegations, both those in his Amended Petition and his original [pleading]." *See* Def.'s Resp. Br. at 2. Defendant argues that: 1) Plaintiff cannot avoid federal jurisdiction by amending his pleading to omit a federal claim that was previously asserted; 2) Plaintiff cannot bring a *Burk* claim based on a violation of the Oklahoma Anti-Discrimination Act ("OADA"), Okla. Stat. tit. 25, § 1101

*et seq.*, after the "Oklahoma Legislature enacted 25 O.S. § 1350 to eliminate *Burk* tort claims arising from discrimination and retaliation;" and 3) "Plaintiff's claim under the OADA, first alleged in his Amended Petition on June 23, 2023, was made far beyond the 90-day time limit or statute of limitations for filing suit imposed by 25 O.S. § 1350(I)." *See* Def.'s Resp. Br. at 9.

Defendant's first reason for opposing remand ignores the fact that Plaintiff amended his pleading before Defendant removed the case, not after removal to avoid federal jurisdiction. The legal authorities cited by Defendant involve post-removal amendments and are inapposite. *See id*. at 3-6. It is well settled that "the propriety of removal is judged on the complaint as it stands at the time of the removal." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1133 (10th Cir. 2014) (quoting *Pfeiffer v. Hartford Fire Ins. Co*., 929 F.2d 1484, 1488 (10th Cir. 1991)). Defendant's other asserted reasons may provide defenses to Plaintiff's state-law claims – that Plaintiff must seek recovery under the OADA rather than *Burk* and that any OADA claim is time-barred – but these defenses do not prevent Plaintiff from electing to pursue the state-law theories asserted.

Upon consideration, the Court finds that, applying the well-pleaded complaint rule to the First Amended Petition, Plaintiff's claims do not arise under federal law. A plaintiff "may avoid federal jurisdiction by exclusive reliance on state law" (*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)), and "may prevent the removal to federal court by choosing not to plead a federal claim even if one is available." *Turgeau v. Admin. Review Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006). Defendant provides no basis to conclude that Plaintiff has "fail[ed] to plead federal questions that are essential elements of the plaintiff's

claim." *See id*. at 1060-61. Therefore, the Court finds Defendant has failed to carry its burden to show the existence of federal-question jurisdiction. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (removing defendant bears burden to establish federal jurisdiction); *accord Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1182 (10th Cir. 2015), *aff.'d sub nom. Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378 (2016).

For these reasons, the Court finds that this case was improperly removed and must be remanded for lack of jurisdiction. The Court further finds, however, that an award of attorney fees and expenses under 28 U.S.C. § 1447(c) is not warranted. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Although the removal of this case presents a close question, the Court finds Defendant has demonstrated an objectively reasonable basis for seeking removal of Plaintiff's action.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand [Doc. No. 9] is **GRANTED**. This case is remanded to the District Court of Comanche County, Oklahoma.

**IT IS SO ORDERED** this 17th day of October, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge